UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

RICKY D. DRISKILL,                 ) 3:09CV2188
                                   )
        Petitioner,                )
                                   ) JUDGE BENITA PEARSON
        v.                         ) (Mag. Judge Kenneth S. McHargh)
                                   )
TIM BRUNSMAN,                      )
        Warden,                    )
                                   )
        Respondent                 ) REPORT AND
                                   ) <u>RECOMMENDATION</u>


McHARGH, MAG. J.

        The petitioner Ricky D. Driskill ("Driskill") has filed a petition pro se for a

writ of habeas corpus, arising out of his 2006 convictions for felonious assault,

vehicular assault and theft of a motor vehicle, in the Mercer County (Ohio) Court of

Common Pleas.  In his petition, Driskill raises four grounds for relief:

>    1.  Petitioner was denied effective assistance of appellate counsel
>    denying his due process rights guaranteed by the Sixth and
>    Fourteenth Amendments of the United States Constitution.
>
>    2.  Petitioner was denied equal protection as guaranteed by the
>    Fourteenth Amendment of the United States Constitution when
>    retained counsel failed to follow the Anders v. California standard.
>
>    3.  Petitioner's plea not knowingly, voluntarily, and intelligently
>    entered in violation of rights guaranteed by the Fifth, Sixth and
>    Fourteenth Amendments of the United States Constitution.
>
>    4.  Petitioner was denied equal protection as guaranteed by the
>    Fourteenth Amendment of the United States Constitution when the
>    trial court failed to grant jail time credit.

(Doc. 1, § 12.)

In response to the four grounds of the petition, the respondent filed a sixty-four (64) page Answer/Return of Writ (doc. 9), without leave of court, in violation of the court's Local Rules governing the length of memoranda. See generally Local Rule 7.1(f). The petitioner did not file a Traverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual and procedural background:

In May 2005, in case 10-08-10*, the Mercer County Grand Jury indicted Driskill on two counts of felonious assault in violation of R.C. 2903. 11(A)(2), felonies of the first degree, and one count of grand theft of a motor vehicle in violation of R.C. 2913.02(A)(1), a felony of the fourth degree. [See doc. 9, RX 1.] The indictment stemmed from a May 2005 incident during which Driskill consumed large amounts of illegal drugs; drove his vehicle and struck another vehicle, injuring its occupants; stole the truck of an emergency responder to the accident; drove the truck into a river; and, brandished a knife at the police officers who were attempting to apprehend him.

> \* We note that case 10-08-10 corresponds to Mercer County Common Pleas Court case 2005 CRM 067.

In August 2005, Driskill entered a plea of not guilty by reason of insanity and a plea of not guilty as to each count in case 10-08-10. [See doc. 9, RX 2.]

In July 2006, in case 10-08-11**, the Mercer County Grand Jury indicted Driskill on one count of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a);(B)(1)(a), a felony of the second degree, and one count of vehicular assault in violation of R.C. 2903.08(A)(2)(b);(C)(2), a felony of the third degree. [See doc. 9, RX 15.] The indictment stemmed from the same May 2005 incident.

2

** We note that case 10-08-11 corresponds to Mercer
County Common Pleas Court case 2006 CRM 097.

In August 2006, Driskill entered into plea agreements with the State
in both case 10-08-10 and 10-08-11. [See doc. 9, RX 6, 18.]  Under the
agreements, Driskill agreed to withdraw his prior pleas of not guilty
and not guilty by reason of insanity and to enter pleas of guilty to one
count of felonious assault and one count of theft of a motor vehicle, and
the State agreed to request a nolle prosequi on the remaining count of
felonious assault.  [See doc. 9, RX 7.]  Additionally, Driskill agreed to
plead no contest to the vehicular assault count, and the State agreed to
request a nolle prosequi on the aggravated vehicular assault count.
[See doc. 9, RX 18, at 14; RX 19.]   Both plea agreements signed by
Driskill provided, in pertinent part:

> POST RELEASE CONTROL.  In addition, a period of
> supervision by the Adult Parole Authority after release
> from prison may be mandatory in this case.  If I am
> sentenced to prison for a felony 1 or felony sex offense,
> after my prison release I will have a mandatory 5 years of
> post release control under conditions determined by the
> Parole Board.  If I am sentenced to prison for a felony 2 or
> 3 which involved causing or threatening physical harm, I
> will have mandatory post release control of 3 years.  If I
> receive prison for any other felony 3, felony 4, or felony 5,
> I may be given up to 3 years of post release control.  A
> violation of any post-release control rule or condition can
> result in a more restrictive sanction while I am under
> post release control, AND/OR increased duration of
> supervision or control, up to the maximum term, OR
> re-imprisonment even though I have served the entire
> state prison term imposed upon me by this Court for all
> offenses.  If I violate conditions of supervision while under
> post release control, the Parole Board could return me to
> prison for up to nine months for each new violation, for a
> total of 1/2 of my originally stated prison term.  If the
> violation is a new felony, I could receive a prison term of
> the greater of one year or the time remaining on post
> release control, in addition to any other prison term
> imposed for the offense.

(Aug. 2006 Plea Agreements, p. 3).  [See doc. 9, RX 6, 18.]

3

Subsequently, the trial court held a plea hearing, during which Driskill executed a "Waiver of Constitutional Rights Prior to Entering a Plea of Guilty" in each case, which included notifications that, if he was sentenced for a first or second degree felony, he would be subject to a period of postrelease control pursuant to R.C. 2967.28.  [See doc. 9, RX 5, 17.]  Driskill acknowledged to the trial court that he had read and understood both the plea agreement and the waiver of constitutional rights.  The trial court then conducted a Crim.R. 11 colloquy with Driskill, accepted his pleas, and found him guilty of one count of felonious assault, one count of theft of a motor vehicle, and one count of vehicular assault.  The transcript of the hearing reflects that the trial judge did not orally address the issue of postrelease control.  [See doc. 9, Exh., Change of Plea hrg. ]

On October 13, 2006, the trial court held a sentencing hearing for both cases.  [See doc. 9, Exh., Sentencing hrg.]  Shortly thereafter, on October 19, 2005, the trial court conducted a "Pronouncement of Sentence."  [See doc. 9, Exh., Pronouncement of Sentence.]  In case 10-08-10, the trial court sentenced Driskill to a four-year prison term on the felonious assault conviction and to a sixteen-month prison term on the theft of a motor vehicle conviction, to be served consecutively to each other and to his sentence in case 10-08-11.  [See doc. 9, RX 11.]  In case 10-08-11, the trial court sentenced him to a two-year prison term for vehicular assault.  [See doc. 9, RX 21.]  At the pronouncement of sentence, the trial court orally informed Driskill of the following:

> I need to advise you that when you complete your prison sentences for these offenses, the total of which would be seven years and four months, you are-you will be subject to what's called post-release control for a term of up to five years.  And during that period of time, you will be subject to supervision if placed on post-release control by the Adult Parole Authority.  And if you violate those conditions, the law requires me to notify you at this time that you are subject to being re-incarcerated for a term of up to one-half of the total prison terms hereby imposed in these two cases, so that would be a total of three years and eight months.

(Oct. 2006 Pronouncement of Sentence, p. 7).  [See doc. 9, Exh., Pronouncement of Sentence.]  Additionally, the trial court filed judgment entries of sentence in both cases, providing that Driskill

4

"may" be required to serve a term of postrelease control.  [See doc. 9, RX 11, 21.]  Shortly thereafter, Driskill appealed his conviction and sentence in both cases, each of which this Court dismissed in April 2007 for want of prosecution.  [See doc. 9, RX 23, 27.]

2006 Postconviction Petitions

In December 2006, Driskill filed petitions for postconviction relief in both case 10-08-10 and 10-08-11, seeking to vacate his plea on the basis that his trial counsel was ineffective for failing to convey to him the chances of receiving jail time; for promising him probation; and, for failing to raise possible defenses.  [See doc. 9, RX 36.]  Additionally, Driskill requested an oral hearing.

In March 2007, the trial court denied both petitions for postconviction relief as well as the request for an oral hearing, which Driskill appealed.  [See doc. 9, RX 38, 43, 45.]

In March 2008, this Court affirmed the trial court's overruling of Driskill's petitions for postconviction relief in State v. Driskill, 3d Dist. Nos. 10-07-03, 10-07-04, 2008-Ohio-827.  [See doc. 9, RX 53; State v. Driskill, No. 10-07-03, 2008 WL 553516 (Ohio Ct. App. Mar.  3, 2008).]

Motion to Withdraw Guilty Plea/ Motion for Resentencing

In May 2008, Driskill filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1 and a motion to declare his sentence void and for resentencing in both cases 10-08-10 and 10-08-11.  The basis for both motions was that the trial court did not orally inform him prior to entering his pleas that he would be subject to a mandatory term of postrelease control.  [See doc. 9, RX 54, 55.]

In September 2008, the trial court found that Driskill's motion to withdraw his guilty plea and his motion to declare his sentence void were untimely motions for postconviction relief under R.C. 2953.21, divesting it of jurisdiction to consider them.  Additionally, the trial court found that, even if it had jurisdiction to consider the motions, Driskill's argument was barred by res judicata because he failed to object on that issue at sentencing or on appeal.  Finally, the trial court found that Driskill was informed of postrelease control in the written negotiated plea agreement he signed.  [See doc. 9, RX 58.]

(Doc. 9, RX 67, at 2-7; State v. Driskill, No. 10-08-10, 2009 WL 1201097, at *1-*3 (Ohio Ct. App. May 4, 2009).)

Driskill appealed the trial court's denial of his motion to withdraw his guilty plea and his motion to declare his sentence void, asserting the following assignment of error:  "The trial court committed an abuse of discretion when it denied appellant's motion to withdraw the pleas and a motion to declare his sentence null and void."  (Doc. 9, RX 62, at 2.)  Again, his argument was that, because the trial court "never correctly notified" him about the post-release control period, "the pleas should be considered involuntarily tendered" and must be vacated, and his sentence should be declared null and void.  Id.

On May 4, 2009, the state court of appeals overruled his assignment of error, and affirmed the judgment of the trial court.  (Doc. 9, RX 67; Driskill, 2009 WL 1201097.)

On June 4, 2009, Driskill appealed that decision to the Supreme Court of Ohio, putting forth the following proposition of law:

> When a defendant files a motion to vacate a guilty plea based on the trial court's failure to advise him or her of mandatory postrelease control sanctions, the motions should be granted because the failure to so advise renders the subsequent plea involuntary; moreover, res judicata does not bar such a claim when the initial motion was filed within a few months of [Ohio] Supreme Court precedent establishing that right.

(Doc. 9, RX 69, at 5.)  On Sept. 16, 2009, the state supreme court denied leave to appeal and dismissed the case because it did not involve any substantial

constitutional question.  (Doc. 9, RX 71; State v. Driskill, 122 Ohio St.3d 1523, 913 N.E.2d 458 (2009).)

While the appeal of his motions (filed through counsel) to withdraw his guilty plea and to declare his sentence void was pending, Driskill pro se filed an application for reopening his (direct) appeal, pursuant to Ohio App.R. 26(B).  (Doc. 9, RX 28.)  Counsel for Driskill, after having filed for three extensions to file a brief, had filed a motion to withdraw the appeal on April 2, 2007, noting that Driskill was "pursuing the appeal of the post conviction only."  (Doc. 9, RX 26.)  Before the court ruled on that motion, the court granted the state's motion to dismiss (doc. 9, RX 25), and the case was dismissed for failure to prosecute.  (Doc. 9, RX 27.)

The Rule 26(B) application was filed late, asserting good cause based on the motion to withdraw Driskill's appeal, which he contended was done without his consent[1], as well as the dismissal of his appeal.  (Doc. 9, RX 28.  See generally doc. 9, RX 23, 27.)  Driskill alleged that appellate counsel was ineffective for failing to raise the following assignments of error:

> 1.  The trial court commits plain error by failing to grant appellant's jail time credit under [Ohio Rev. Code §] 2967.191 and include it in the sentence entry, violating Ohio Constitution Article I, Section 10 and United States Constitution Article 14 Amendment and Equal Protection Clause.

---

[1]  Driskill maintains that he did not become aware of either the motion to withdraw his direct appeal, or the court's April 2007 ruling dismissing his direct appeal, until he requested and received a copy of the state court's docket in August 2008.  (Doc. 9, RX 28, at 3-4; RX 33, at 3-4.)

7

2.  The trial court failed to comply with Crim.R. 11 during defendant's plea colloquy by not advising defendant that his sentence would include a mandatory term of postrelease control, thereby violating his rights under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution and Sections 10 and 16 of Article One of the Ohio Constitution.

(Doc. 9, RX 28.)

The court of appeals denied Driskill's Rule 26(B) application on Jan. 14, 2009, finding it to be untimely, without good cause shown for the late filing.  (Doc. 9, RX 31, at 1.)  The court also found:

The Court further finds that the appellate judgment dismissed the appeal for want of prosecution; however, a motion to withdraw the appeal to pursue post-conviction remedies instead was filed a day prior to the judgment.  Appellant now maintains that he was unaware that a direct appeal was filed and dismissed.

In this circumstance, we can not say that Appellant was deprived of the effective assistance of counsel on appeal.  App.R. 26(B)(5).  See State v. Reed (1996), 74 Ohio St.3d 534, applying the analysis of Strickland v. Washington (1984), 466 U.S. 668.  First, the notice of appeal and motion to withdraw were filed by the same attorney, who Appellant retained; this same attorney has since the dismissal filed a motion to withdraw plea and motion for post-conviction relief, and prosecuted appeals of same, two of which are still pending in this Court.  Appellant may not have received what he believed he was paying for, but we can not say that he did not receive the effective assistance of appellate counsel.  Accordingly, for these reasons, the application should be denied.

(Doc. 9, RX 31, at 1-2.)

Driskill pro se appealed the denial to the Supreme Court of Ohio.  He set forth the following two propositions of law:

8

    1.  Dismissal of first appeal as of right due to counsel's failure to file a brief, is presumptively prejudicial, therefore not requiring the two-prong analysis found in Strickland v. Washington.

    2.  Appointed and retained counsel shall comply with the same standard under Anders v. California, and a failure to abide by the constitutional guidelines set forth in Anders constitutes good cause for a delayed re-opening under App.R. 26(B).

(Doc. 9, RX 33.)  On May 6, 2009, the state supreme court denied leave to appeal and dismissed the case because it did not involve any substantial constitutional question.  (Doc. 9, RX 35; State v. Driskill, 121 Ohio St.3d 1477, 905 N.E.2d 655 (2009).)

## II.  HABEAS CORPUS REVIEW

    This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

    Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case

9

> differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Driskill has filed his petition pro se.  The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed.  Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)).  Other than that, no special treatment is afforded litigants who decide to proceed pro se.  McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

10

Several of the grounds put forward by Driskill allege violations of Ohio law. The question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Federal habeas relief is not available for a claimed violation of state law, thus any alleged violation of Ohio law is not properly before this court. See Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

## III.  PROCEDURAL DEFAULT

The respondent argues that the first and second claims of the petition have been procedurally defaulted. (Doc. 9, at 16-26, 31-36.)

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)). To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims. Rust v.

Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)).  A petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules.  Coleman, 501 U.S. at 731-732; Buell, 274 F.3d at 349.  Where the petitioner failed to present a claim in state court, a habeas court may deem that claim procedurally defaulted because the Ohio state courts would no longer entertain the claim.  Adams v. Bradshaw, 484 F.Supp.2d 753, 769 (N.D. Ohio 2007) (citing Buell, 274 F.3d at 349).

The court considers four factors to determine whether a claim has been procedurally defaulted:  (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error.  Buell, 274 F.3d at 348 (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).

## A.  Ineffective Assistance of Appellate Counsel

The first claim of the petition is:  "Petitioner was denied effective assistance of appellate counsel denying his due process rights guaranteed by the Sixth and

Fourteenth Amendments of the United States Constitution."  The "supporting facts" provided by Driskill are:

> Direct appeal was dismissed for want of prosecution.  Retained counsel failed to file brief and subsequently failed to notify Driskill.  Driskill became aware through his own due diligence when he ordered a copy of the Mercer County Common Pleas docket on August 11, 2008.

(Doc. 1, § 12.)

Driskill claims that he had exhausted this claim by filing an application for reopening pursuant to Ohio App.R. 26(B).  Id. at § 12(e).

The respondent points out that this claim cannot be pursued under Rule 26(B), because it does not concern ineffective representation, but rather "Driskill is arguing that there was no representation at all on direct appeal," because the appeal was not properly filed, without his consent.  (Doc. 9, at 16-18.)  Rather, the proper vehicle to raise this claim would have been a petition for post-conviction relief under Ohio Rev. Code § 2953.21.  Id. at 17-18.

Respondent appears correct, insofar as the proper procedure under state law is concerned.  In State v. Gover, trial counsel had failed to file a timely notice of appeal.  The Ohio Supreme Court characterized this as ineffectiveness "related to the pre-appellate process."  Since the error occurred at the "trial level," the proper remedy was a petition for post-conviction relief under Ohio Rev. Code § 2953.21.  State v. Gover, 71 Ohio St.3d 577, 580, 645 N.E.2d 1246, 1249 (1995).  See also Harding v. Russell, No. 99-4302, 2001 WL 1254823, at *4 (6th Cir. Oct. 11, 2001)

13

(citing Gover).  Therefore, Driskill's proper avenue for this claim under Ohio law would have been a petition for post-conviction relief under Section 2953.21.

However, the state court of appeals did not deny Driskill's Rule 26(B) application on this basis.  See generally doc. 9, RX 31.  Rather, the court found his application untimely, and at the same time, found that he had not established that counsel was ineffective, because counsel pursued alternate avenues of relief through other post-conviction remedies.  (Doc. 9, RX 31.)

Regardless of whether Driskill followed the correct procedure under Ohio law, the state court rendered a decision on the merits on his claim.  See, e.g., Harding, 2001 WL 1254823, at *4.  Thus, the court finds that the state court considered the ineffective assistance claim underlying his Rule 26(B) application.[2]  See generally doc. 9, at 8, 56-57 (conceding that state court ruled on the merits).  The  respondent argues that the state court's decision is not contrary to, or an objectively unreasonable application of, Strickland v. Washington, 466 U.S. 668 (1984).  (Doc. 9, at 56-59.)

Ineffective assistance of counsel is not considered a due process violation, but rather a violation of the Sixth Amendment.  Under the Sixth Amendment to the U.S. Constitution, "the right to counsel is the right to effective assistance of

---

[2]  In addition, Driskill appealed to the Ohio Supreme Court (doc. 9, RX 32-33), thus the claim was exhausted.  Rust , 17 F.3d at 160.

counsel." Joshua v. DeWitt, 341 F.3d 430, 437 (6th Cir. 2003) (quoting McMann v.

Richardson, 397 U.S. 759, 771 n.14 (1970)).

The Sixth Circuit discussed the general standard for ineffective assistance of

counsel in Monzo v. Edwards:

> To establish ineffective assistance of counsel under Strickland, the
> defendant must show that his counsel's performance fell below an
> objective standard of reasonableness and that his counsel's errors were
> so serious as to prejudice the defendant.  Review of counsel's
> performance is highly deferential and requires that courts "indulge a
> strong presumption that counsel's conduct falls within a wide range of
> reasonable professional assistance."  To establish prejudice, the
> defendant "must show that there is a reasonable probability that, but
> for counsel's unprofessional errors, the result of the proceeding would
> have been different.  A reasonable probability is a probability sufficient
> to undermine confidence in the outcome."

Monzo v. Edwards, 281 F.3d 568, 579 (6th Cir. 2002) (internal citations omitted).

See generally Strickland, 466 U.S. at 689 (two-part test).  A criminal appellant is

constitutionally entitled to the effective assistance of counsel in his direct appeal, as

well as at trial.  Evitts v. Lucey, 469 U.S. 387 (1985).

Ordinarily, to establish deficient performance, the petitioner must

demonstrate that  appellate counsel made an objectively unreasonable decision by

choosing to raise other issues, rather than a particular argument that "was clearly

stronger than issues that counsel did present."  Webb v. Mitchell, 586 F.3d 383, 399

(6th Cir. 2009), cert. denied, 130 S.Ct. 2110 (2010) (quoting Smith v. Robbins, 528

U.S. 259, 285, 288 (2000)).  Appellate counsel cannot be ineffective for a failure to

raise an issue that lacks merit.  Willis v. Smith, 351 F.3d 741, 745 (6th Cir. 2003).

In the habeas context, this court considers petitioner's ineffective assistance claim "within the more limited assessment of whether the state court's application of Strickland to the facts of this case was objectively unreasonable." Washington v. Hofbauer, 228 F.3d 689, 702 (6th Cir. 2000).

The state court ruled as follows on the ineffective assistance claim:

> The Court further finds that the appellate judgment dismissed the appeal for want of prosecution; however, a motion to withdraw the appeal to pursue post-conviction remedies instead was filed a day prior to the judgment. Appellant now maintains that he was unaware that a direct appeal was filed and dismissed.
>
> In this circumstance, we can not say that Appellant was deprived of the effective assistance of counsel on appeal. App.R. 26(B)(5). See State v. Reed (1996), 74 Ohio St.3d 534, applying the analysis of Strickland v. Washington (1984), 466 U.S. 668. First, the notice of appeal and motion to withdraw were filed by the same attorney, who Appellant retained; this same attorney has since the dismissal filed a motion to withdraw plea and motion for post-conviction relief, and prosecuted appeals of same, two of which are still pending in this Court. Appellant may not have received what he believed he was paying for, but we can not say that he did not receive the effective assistance of appellate counsel. Accordingly, for these reasons, the application should be denied.

(Doc. 9, RX 31, at 1-2.) Although implicitly recognizing a federal constitutional issue, the court did not proceed to analyze the problem in accordance with relevant Supreme Court precedent.

The reasoning applied by the state court in this case is similar to that employed in State v. Miller, 44 Ohio App.3d 42, 541 N.E.2d 105 (Ohio Ct. App. 1988) (per curiam). In Miller, a timely notice of appeal was filed, but counsel failed to file a brief, and the appeal was dismissed. Miller, 44 Ohio App.3d at 43, 541

N.E.2d at 108.  The court recognized that the appellant had not received the

effective assistance of counsel under U.S. Supreme Court precedent.  Id. at 43, 541

N.E.2d at 107-108 (citing cases).  Nevertheless, the court ruled that:

> . . . since all the arguments which could have been raised on direct
> appeal are before us on appeal from denial of appellant's postconviction
> relief petition, we conclude that this is a sufficient remedy for
> appellant's frustrated right of direct appeal.

Id. at 43, 541 N.E.2d at 108.  The Ohio court's decision in Miller pre-dated by

several months the U.S. Supreme Court's decision in Penson v. Ohio, 488 U.S. 75

(1988).

In Penson, counsel filed a timely notice of appeal, but several months later

filed a "Certification of Meritless Appeal and Motion" (to withdraw).  Penson, 488

U.S. at 77-78.  A week later, the Ohio Court of Appeals allowed appellate counsel to

withdraw, and gave the appellant thirty days to file a brief pro se.  Id. at 78.  The

court noted that it would independently review the record for error.  Id.

> Thus, counsel was permitted to withdraw before the court reviewed the
> record on nothing more than "a conclusory statement by the appointed
> attorney on appeal that the case has no merit and that he will file no
> brief."  Moreover, although granting petitioner several extensions of
> time to file a brief, the court denied petitioner's request for the
> appointment of a new attorney.  No merits brief was filed on
> petitioner's behalf.

Penson, 488 U.S. at 78.

On its review, the state court in Penson

> . . . noted that counsel's certification that the appeal was meritless was
> "highly questionable."  In reviewing the record and the briefs filed by

17

counsel on behalf of petitioner's codefendants, the court found "several arguable claims."

Penson, 488 U.S. at 79.  The Ohio court did find error on one issue, but affirmed the convictions on the remaining counts.  Id.  The state court had concluded that:

> . . . petitioner "suffered no prejudice" as a result of "counsel's failure to give a more conscientious examination of the record" because the court had thoroughly examined the record and had received the benefit of arguments advanced by counsel for petitioner's two codefendants.

Penson, 488 U.S. at 79 (quoting the state court).  The Supreme Court reversed.  Id.

The Supreme Court emphasized that "the right to be represented by counsel is among the most fundamental of rights."  Penson, 488 U.S. at 84.  "By proceeding to decide the merits of petitioner's appeal without appointing new counsel to represent him, the Ohio Court of Appeals deprived both petitioner and itself of the benefit of an adversary examination and presentation of the issues."  Id. at 85.

### 1.  Reasonableness of counsel's performance

The actual or constructive denial of the assistance of counsel is constitutional error.  Restrepo v. Kelly, 178 F.3d 634, 639 (2d Cir. 1999) (quoting Penson, 488 U.S. at 88); Gilbert v. Sowders, 646 F.2d 1146, 1150 (6th Cir. 1981) (well settled that failure to perfect appeal is denial of due process) (citing cases).  "Constructive denials of counsel include counsel's total or near-total derelictions in representation."  Restrepo, 178 F.3d at 639 (citing cases).  Where the defendant tells counsel to appeal, and the lawyer drops the ball, then the defendant has been deprived of any assistance of counsel on appeal.  Id. at 640 (quoting Castellanos v.

18

United States, 26 F.3d 717, 718 (7th Cir. 1994)).  "An attorney who files a notice of appeal must diligently prosecute that appeal" until the court grants permission to withdraw.  Benoit v. Bock, 237 F.Supp.2d 804, 811 (E.D. Mich. 2003) (citing Abels v. Kaiser, 913 F.2d 821, 823 (10th Cir. 1990)).

This court finds that the performance of Driskill's counsel in failing to file a brief on appeal, despite three extensions of time to do so, resulting in the dismissal of Driskill's direct appeal, fell below an objective standard of reasonableness.  See doc. 9, RX 27; Gilbert, 646 F.2d at 1150.  The state court's decision is contrary to clearly established Supreme Court precedent.  Penson, 488 U.S. at 84-89; Evitts, 469 U.S. 387.

### 2.  Prejudice to appellant

The Supreme Court distinguished Penson from other common cases of ineffective assistance:

> The present case is unlike a case in which counsel fails to press a particular argument on appeal, or fails to argue an issue as effectively as he or she might.  Rather, at the time the Court of Appeals first considered the merits of petitioner's appeal, appellate counsel had already been granted leave to withdraw; petitioner was thus entirely without the assistance of counsel on appeal.  In fact, the only relief that counsel sought before the Court of Appeals was leave to withdraw, an action that can hardly be deemed advocacy on petitioner's behalf.  It is therefore inappropriate to apply either the prejudice requirement of Strickland or the harmless-error analysis of Chapman.

Penson, 488 U.S. at 88-89 (internal citations omitted).

In other words, the Court held that prejudice is to be assumed where the appellant is unrepresented by  counsel on direct appeal.  See also Robbins, 528 U.S.

19

at 286; Van v. Jones, 475 F.3d 292, 306 (6th Cir.), cert. denied, 552 U.S. 1064 (2007)

(citing Penson); Restrepo, 178 F.3d at 641-642; Fern v. Gramley, 99 F.3d 255, 256-

259 (7th Cir. 1996).

Here, granted, Driskill was not totally without the assistance of counsel.

Although counsel failed to file a brief on appeal of his conviction, resulting in the

dismissal of his direct appeal (doc. 9, RX 27), counsel did pursue post-conviction

remedies on behalf of Driskill (see doc. 9, RX 36, 43, 45).

The state court implied that these post-conviction proceedings served as a

substitute for, or were just as good as, a direct appeal.  (Doc. 9, RX 31, at 1-2.)

While there are situations where an appellant must rely on post-conviction

remedies, the first and preferred recourse is almost always a direct appeal of the

conviction.

An appellant proceeding via post-conviction procedures is at a disadvantage

vis-a-vis proceeding on direct appeal in several respects.  First, the Supreme Court

has "declined to extend the right to counsel beyond the first appeal of a criminal

conviction."  Coleman, 501 U.S. at 756.  The Supreme Court  has emphasized the

"paramount importance" of counsel in a criminal proceeding.  Penson, 488 U.S. at

84.  A petition for post-conviction relief, pursuant to Ohio Rev. Code § 2953.21, is

considered a civil proceeding, and thus there is no federal constitutional right to

effective assistance of counsel in such a proceeding.  See, e.g., Pennsylvania v.

Finley, 481 U.S. 551 (1987); Lopez v. Wilson, 426 F.3d 339, 340-341 (6th Cir. 2005) (en banc), cert. denied, 547 U.S. 1099 (2006).

As another example, under Ohio law, res judicata bars state courts from considering constitutional claims in post-conviction collateral attacks when those claims could have been raised on direct appeal. Hicks v. Collins, 384 F.3d 204, 211 (6th Cir. 2004), cert. denied, 544 U.S. 1037 (2005) (citing Monzo, 281 F.3d at 576); Frazier v. Huffman, 343 F.3d 780, 803 (6th Cir. 2003), cert. denied, 541 U.S. 1095 (2004).

In addition, federal courts have consistently held that alleged errors in post-conviction proceedings are outside the scope of federal habeas corpus review. Cress v. Palmer, 484 F.3d 844, 853 (6th Cir. 2007); Roe v. Baker, 316 F.3d 557, 570-571 (6th Cir. 2002), cert. denied, 540 U.S. 853 (2003) (citing Kirby v. Dutton, 794 F.2d 245, 247 (6th Cir. 1986)); Montgomery v. Meloy, 90 F.3d 1200, 1206 (7th Cir.), cert. denied, 519 U.S. 907 (1996) (citing cases).

An appellant proceeding via post-conviction procedures, then, is disadvantaged in several ways. By way of example, Driskill's own post-conviction motions (to withdraw his guilty plea, and to declare his sentence void), filed through counsel, were denied by the trial court, in part, because "he failed to raise the issue ... either by motion at sentencing or on the direct appeals which he could have done, [thus] he is barred from raising the issue which is now deemed adjudicated by the

doctrine of res judicata."  (Doc. 9, RX 58, at 2; see also doc. 9, RX 67, at 7.)  The court also found that the post-conviction petition was untimely filed.

On appeal, the Ohio Court of Appeals invoked the doctrine of res judicata as well, noting that "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised on an appeal from that judgment."  (Doc. 9, RX 67, at 14; Driskill, 2009 WL 1201097, at *6, citing State v. Szefcyk, 77 Ohio St.3d 93, 671 N.E.2d 233 (syllabus).)  The court found that the trial court did not abuse its discretion in denying his argument regarding his sentence, in part, because Driskill could have raised the  issue on direct appeal.  (Doc. 9, RX 67 at 16; Driskill, 2009 WL 1201097, at *7.)

Similarly, the appellate court noted that the trial court also found that Driskill's motion to withdraw plea was barred by res judicata.  The court pointed out that res judicata bars claims raised in a Crim.R. 32.1 motion to withdraw guilty plea that could have been raised on direct appeal.  (Doc. 9, RX 67, at 19-20; Driskill, 2009 WL 1201097, at*8-*9.)

The court finds that the dismissal of Driskill's direct appeal for failure to prosecute, forcing him to rely solely on post-conviction remedies for relief, was prejudicial to Driskill.

More importantly, the constructive denial of the assistance of counsel is a Sixth Amendment violation.  Where the appellant is unrepresented by counsel on direct appeal, prejudice is presumed.  Robbins, 528 U.S. at 286; Penson, 488 U.S. at 88-89; Strickland, 466 U.S. at 692; Van, 475 F.3d at 306.

## B.  Summary

The court finds that the first claim was not procedurally defaulted.  Although the proper avenue for this claim under Ohio law would have been a petition for post-conviction relief under Section 2953.21, the state court did not deny Driskill's Rule 26(B) application on this basis, but rather, rendered a decision on the merits on his ineffective assistance claim.  Driskill appealed this determination to the state high court, thus the claim was exhausted.

The performance of Driskill's counsel in failing to file a brief on appeal, resulting in the dismissal of Driskill's direct appeal, fell below an objective standard of reasonableness.  See doc. 9, RX 27.  The state court's decision on this issue is contrary to clearly established Supreme Court precedent.  Penson, 488 U.S. at 84-89; Evitts, 469 U.S. 387.

Because Driskill was unrepresented by counsel on direct appeal, prejudice is presumed.  The state court's decision on this issue is contrary to clearly established Supreme Court precedent.  Robbins, 528 U.S. at 286; Penson, 488 U.S. at 88-89; Strickland, 466 U.S. at 692; Van, 475 F.3d at 306.

Thus, the court finds the state court's determination regarding Driskill's claim of ineffective assistance of counsel was contrary to clearly established federal law, as determined by the Supreme Court of the United States.

## IV.  ANDERS CLAIM

The second claim of the petition is:  "Petitioner was denied equal protection as guaranteed by the Fourteenth Amendment of the United States Constitution when retained counsel failed to follow the Anders v. California standard."  The "supporting facts" provided by Driskill are:

> Retained counsel failed to follow the guidelines set forth in Anders v. California (1967) 386 U.S. 738 and Ohio Courts have failed to adopt the Anders standard for criminal defendants who retain counsel. Furthermore, the same counsel who allowed direct appeal to be dismissed, raised errors in the record 18 months after conviction [via trial motions].  The trial motions were denied based on the doctrine of res judicata.

(Doc. 1, § 12.)

The respondent argues that the second claim of the petition has been procedurally defaulted.  (Doc. 9, at 31-36.)  Driskill claims that he had exhausted this claim by filing an application for reopening pursuant to Ohio App.R. 26(B). (Doc. 1, at § 12(e).)  Although Driskill raised the argument that his counsel filed a motion to withdraw without notifying him, that issue is raised primarily as cause for his late filing.  Driskill does not argue a violation of Anders v. California in his application.  (Doc. 9, RX 28.)

24

Driskill did raise the argument in his appeal to the state high court, but again in the context of good cause for the untimely Rule 26(B) filing, which is a state law issue.  (Doc. 9, RX 33, at 6-8.)  In any event, that court would not consider a constitutional question which was not raised and argued in the lower courts. Leroy v. Marshall, 757 F.2d 94, 99 (6th Cir.), cert. denied, 474 U.S. 831 (1985); Adams, 484 F.Supp.2d at 769.

The court would find that this claim was not fairly presented to the state courts as a federal constitutional issue, rather than an issue arising under state law.  McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000), cert. denied, 532 U.S. 958 (2001); Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984).  However, more importantly, the claim as asserted in the habeas petition is moot.

In Anders, the Supreme Court set forth a procedure to safeguard an appellant's rights where appointed counsel comes to believe that an appeal would be frivolous.  Robbins, 528 U.S. at 264.  In such a case, counsel must request permission to withdraw, "accompanied by a brief referring to anything in the record that might arguably support the appeal."  Robbins, 528 U.S. at 271 (quoting Anders, 386 U.S. at 744).  The court then "proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous."  Id.  The Supreme Court has since decided that "the Anders procedure is merely one method of satisfying the requirements of the Constitution for indigent criminal appeals." Robbins, 528 U.S. at 276.

The requirement to file an Anders brief applies to withdrawals of appointed counsel.  Federal courts have found that retained counsel are not required to file an Anders brief in order to withdraw.  See, e.g., United States v. Smith, No. 04-30093, 2005 WL 1140642, at *1 (5th Cir. May 16, 2005).  The Sixth Circuit, for example, has merely instructed that "a criminal defendant should have notice and an opportunity to be heard when his attorney of choice seeks to withdraw from representation."  United States v. Treadway, 328 F.3d 878, 887-888 (6th Cir.), cert. denied, 540 U.S. 860 (2003).  The court pointed out that "counsel could serve the defendant with a motion of withdrawal and allow him an opportunity to file a response."  Id. at 888.

Here, counsel moved to withdraw the appeal, not to withdraw as counsel.  See doc. 9, RX 26 (motion to withdraw appeal).  However, before the motion to withdraw the appeal was ruled on, the court granted the state's motion to dismiss the appeal for want of prosecution.  (Doc. 9, RX 25, 27.)  Thus, the motion to withdraw was never granted, and it is unclear what course of events might have followed, had the court entertained the motion.

Moreover, as respondent notes, the same (retained) counsel continued to represent Driskill in his post-conviction proceedings, after the April 2, 2007, motion to withdraw appeal had been filed.  (Doc. 9, at 18-22; see, e.g., doc. 9, RX 43, 45 (2007 appeal of denial of post-conviction petition), RX 54 (2008 motion to withdraw plea), RX 59, 62 (2009 appeal of denial of motion to withdraw plea).

Because the motion to withdraw was never granted, and retained counsel would not have been required to file an Anders brief in order to withdraw, the second claim of the petition should be denied as moot.

## V.  PLEA

The third ground of the petition is:

> Petitioner's plea not knowingly, voluntarily, and intelligently entered in violation of rights guaranteed by the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

The "supporting facts" provided by Driskill are:  "Petitioner was not advised of mandatory 5 years post release control, or the additional loss of liberty associated with violating post release control."  (Doc. 1, § 12.)

The respondent contends that the third ground, alleging that the trial court erred by not orally advising Driskill of post release control, was not fairly presented to the state courts as a constitutional issue (doc. 9, at 40-42), or, in the alternative, it has been procedurally defaulted through the doctrine of res judicata (doc. 9, at 43-50).

The petition concedes that this issue was not raised on direct appeal, because of counsel's failure to file an appellate brief.  (Doc. 1, § 12(c).)  Driskill asserts that he raised the issue in the state court through a motion to withdraw plea, under Ohio Crim. Rule 32.1.  (Doc. 1, § 12(d)(2); see doc. 9, RX 54.)

The motion to withdraw plea relied on State v. Sarkozy, 117 Ohio St.3d 86, 881 N.E.2d 1224 (2008), for the proposition that the trial court's failure to inform Driskill that his sentence will include a mandatory term of postrelease control provides a basis to vacate his plea based on its not being knowing, voluntary and intelligent.  (Doc. 9, RX 54, at [4].)  In Sarkozy, the Supreme Court of Ohio found a constitutional violation on the basis that "Sarkozy's plea could not have been knowingly and intelligently given because the trial court failed to advise him at the plea hearing that postrelease control would be part of his sentence."  Sarkozy, 117 Ohio St.3d at 91, 881 N.E.2d at 1229.  The state high court's analysis was based on Ohio law, and was not supported by any U.S. Supreme Court case law.

The trial court denied the motion, finding it barred by res judicata.  (Doc. 9, RX 58, at 2.)  On appeal, Driskill argued that the trial court had abused its discretion by denying his motion.  (Doc. 9, RX 62.)

The state court of appeals noted that the plea agreement signed by Driskill contained a notification of the conditions of post release control, and the possible consequences of violation.  (Doc. 9, RX 67, at 3-4; Driskill, 2009 WL 1201097, at *1.)  The court also pointed out that, as part of the plea hearing, Driskill signed a "Waiver of Constitutional Rights Prior to Entering a Plea of Guilty," which also included notifications concerning post release control.  (Doc. 9, RX 67, at 4; Driskill, 2009 WL 1201097, at *2.)  However, the court conceded that the transcript of the

28

hearing showed "the trial judge did not orally address the issue of postrelease control." Id.

The appellate court overruled Driskill's assignment of error. The court found that it was barred by res judicata, because Driskill failed to raise the issue both on direct appeal, and in his 2006 petition for post-conviction relief. (Doc. 9, RX 67, at 19-20; Driskill, 2009 WL 1201097, at *9.) Even if the claim was not barred by res judicata, the court found the Driskill had actual notice of the post release control conditions through the signed, written documents referenced above. (Doc. 9, RX 67, at 20; Driskill, 2009 WL 1201097, at *9.)

Under Ohio law, appellate review of a motion to withdraw a guilty plea is limited to whether the trial court abused its discretion. (Doc. 9, RX 67, at 16; Driskill, 2009 WL 1201097, at *7.) This habeas court lacks authority to adjudicate a claim that the state court abused its discretion by denying a motion to withdraw a guilty plea. Xie v. Edwards, 35 F.3d 567, 1994 WL 462143, at *2 (6th Cir. Aug. 25, 1994) (TABLE, text in WESTLAW) (whether trial court abused discretion in denying motion to withdraw plea is question of state law); Artiaga v. Money, No. 3:04CV7121, 2007 WL 928640, at *2 (N.D. Ohio Mar. 27, 2007). Federal habeas relief is not available for a claimed violation of state law, thus any alleged violation of Ohio Criminal Rule 32.1 is not properly before this court. Lewis, 497 U.S. at 780; Akemon v. Brunsman, No. C-1-06-166, 2007 WL 2891012, at *12 (S.D. Ohio Sept. 28, 2007).

The question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

The Supreme Court has ruled that a guilty plea which was made voluntarily, knowingly, and intelligently is constitutionally valid.  DeSmyther v. Bouchard, No. 03-1419, 2004 WL 1921182 (6th Cir. 2004) (per curiam), cert. denied, 544 U.S. 921 (2005) (citing Brady v. United States, 397 U.S. 742 (1970)).  Regarding habeas review of state plea bargains, the Sixth Circuit has stated:

> [A] federal court reviewing a state court plea bargain may only set aside a guilty plea or plea agreement which fails to satisfy due process. . . . If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.

DeSmyther, 2004 WL 1921182 (quoting Frank v. Blackburn, 646 F.2d 873, 882 (5th Cir. 1980), cert. denied, 454 U.S. 840 (1981)).

The state court, after an oral colloquy and through a written plea agreement and waivers, determined that Driskill understood the charges against him, understood the consequences of his guilty plea, and voluntarily chose to plead guilty, without being coerced to do so.  (Doc. 9, Exh., Change of Plea hrg., at 6-10, 15-17; see also doc. 9, RX 6, 18 (pleas), and RX 5, 17 (waivers).)

Regardless of whether this claim was properly exhausted, Driskill has not established that the state courts' determination regarding his guilty plea was contrary to, or involved an unreasonable application of, clearly established federal

30

law, as determined by the Supreme Court of the United States.   The petition

should not be granted on the basis of the third ground.


## VI.  JAIL TIME CREDIT

The fourth ground of the petition is that:

Petitioner was denied equal protection as guaranteed by the
Fourteenth Amendment of the United States Constitution when the
trial court failed to grant jail time credit.

(Doc. 1, § 12.)  The "supporting facts" provided by Driskill allege that he was

confined in jail for a total of 25 days before he was transferred to the custody of the

state Department of Rehabilitation and Corrections.   Id.

The respondent argues that this claim is either: (1) not cognizable in habeas

(doc. 9, at 51), (2) not fairly presented to the state courts as a federal constitutional

claim (doc. 9, at 51-52), or, (3) procedurally defaulted (doc. 9, at 52-54).

The petition concedes that this issue was not raised on direct appeal, because

of counsel's failure to file an appellate brief.  (Doc. 1, § 12(c).)  Driskill asserts that

he raised the issue in the state court through his Rule 26(B) application for

reopening.  (Doc. 1, § 12(e); see doc. 9, RX 28.)

The state court found his Rule 26(B) application untimely.  The court apparently did not accept his explanation of good cause, and did not address his jail time argument[3].  (Doc. 9, RX 31.)

Although Driskill alleged a constitutional violation, his argument rested on state law, that is, an alleged violation of Ohio Rev. Code § 2967.191.  (Doc. 9, RX 28, at 3-4.)  Driskill has not demonstrated that the alleged 25-day error in the calculation of his sentence of imprisonment resulted in his being imprisoned beyond the statutory maximum.

In any event, a challenge to a state court's interpretation and application of Ohio's sentencing laws is not cognizable in a federal habeas corpus action.  Howard v. White, No. 03-1042, 2003 WL 22146139, at *2 (6th Cir. Sept. 16, 2003) (jail time credit); Kipen v. Renico, No. 02-1742, 2003 WL 21130033 (6th Cir. May 14, 2003); Ball v. Houk, No. 1:05 CV 2120, 2007 WL 4556676, at *13 (N.D. Ohio Dec. 20, 2007) (state court's alleged misinterpretation of crediting statutes is matter of state law).  Federal habeas relief is not available for a claimed error of state law.  Lewis, 497 U.S. at 780.

Habeas relief is only available if the petitioner demonstrates that the state court decision was contrary to, or involved an unreasonable application of, clearly

---

[3] As noted earlier, the court did address, albeit briefly, the merits of his primary claim of ineffective assistance of counsel.

established federal law, as determined by the Supreme Court of the United States.

Williams, 529 U.S. at 412-413; Lewis, 497 U.S. at 780.

Regardless of whether this claim was properly exhausted, Driskill has not established that the state courts' determination regarding jail time credit was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.   The petition should not be granted on the basis of the fourth ground.


## VII.  SUMMARY

The petition for a writ of habeas corpus should be granted in part, and denied in part.

The petition should be granted as to Driskill's first ground, ineffective assistance of counsel.  Because Driskill was unrepresented by counsel on direct appeal, prejudice is presumed.  The state court's decision on this issue is contrary to clearly established Supreme Court precedent.  Robbins, 528 U.S. at 286; Penson, 488 U.S. at 88-89; Strickland, 466 U.S. at 692; Van, 475 F.3d at 306.  Thus, the court should find the state court's determination regarding Driskill's claim of ineffective assistance of counsel was contrary to clearly established federal law, as determined by the Supreme Court of the United States.

Because counsel's motion to withdraw was never granted, and retained counsel would not have been required to file an Anders brief in order to withdraw, the second claim of the petition should be denied as moot.

Driskill has not established that the state courts' determination regarding his guilty plea or jail time credit was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.   The petition should not be granted on the basis of the third or fourth grounds.


RECOMMENDATION

The petition for a writ of habeas corpus should be GRANTED in part (as to the ineffective assistance of counsel claim), and DENIED in part (as to the other grounds).


Dated:   Jan. 31, 2011             /s/ Kenneth S. McHargh
                                   Kenneth S. McHargh
                                   United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

34