PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| RICKY D. DRISKILL | ) | CASE NO. 3:09 CV 2188 |
| Petitioner, | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| TIM BRUNSMAN, WARDEN<br>Lebanon Correctional Institution, | ) | |
| Respondent. | ) | **MEMORANDUM OF OPINION AND ORDER** |

## I. INTRODUCTION

Before the Court is the Report and Recommendation of Magistrate Judge Kenneth S. McHargh, recommending that Petitioner Ricky D. Driskill's petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1) be granted as to the ineffective assistance of counsel and denied as to the other grounds (ECF No. 10). Respondent has filed objections to the Report and Recommendation. ECF No. 11. For the reasons discussed below, the Court orders that this matter be set for an evidentiary hearing regarding Petitioner's ground for relief alleging ineffective assistance of counsel.

## II. DISCUSSION

On January 31, 2012, Magistrate Judge McHargh issued a report recommending that the Court grant Petitioner Driskill habeas relief concerning the claim of ineffective assistance of counsel. Magistrate Judge McHargh was of the opinion that Driskill was denied the effective representation of counsel based on the fact that Driskill's counsel failed to file a brief on appeal, despite three extensions of time to do so, resulting in the dismissal of Driskill's direct appeal.

(3:09 CV 02188)

ECF No. 10 at 7, 13.

In its objection to the Report and Recommendation, Respondent maintains that Driskill was not denied the effective assistance of counsel. Respondent contends that "Driskill's appellate counsel made a reasoned tactical choice not to pursue a direct appeal because there were no issues to appeal that had merit, and that pursuing post-conviction remedies was Driskill's best chance of success. ECF No. 11.

While Driskill has informed the Court that his counsel's decision to abandon his direct appeal was done without his consent (ECF No. 10 at 7, and 13), Respondent contends that the record lacks evidentiary support for that assertion. Respondent specifically states that " if Driskill had any contract evidence, affidavits and so forth, or anything other than his bare assertions about his appellate counsel, he has not provided them to this Court. . . . It is a fair inference that Driskill waited to see about the success of [his counsel's efforts] before conveniently turning against [his counsel] when things did not go as well as Driskill had hoped." ECF No. 11 at 9.

The Court finds that an evidentiary hearing would be helpful to the Court in determining whether Petitioner Driskill has a plausible claim of ineffective of assistance of counsel. Specifically, because there are divergent views on whether Driskill approved his counsel's decision to abandon his direct appeal, the Court deems it necessary to develop the record concerning this issue.[1]

---

[1] *See Raysor v. United States*, 647 F.3d 491, 494 (2d Cir. N.Y. 2011) ("A defendant seeking a hearing on an ineffective assistance of counsel claim need establish only that he has a plausible claim of ineffective assistance of counsel, not that he will necessarily succeed on the

(3:09 CV 02188)

The hearing will be held August 1, 2012 at 1:00 p.m. before the undersigned, **Courtroom 351, United States Courthouse and Federal Building, 125 Market Street, Youngstown, Ohio**.


IT IS SO ORDERED.



| July 6, 2012 | /s/ Benita Y. Pearson |
|---|---|
| Date | United States District Court Judge |

---

claim. Moreover, the procedure for determining whether a hearing is necessary is in part analogous to . . . a summary judgment proceeding. . . . If material facts are in dispute, a hearing should usually be held, and relevant findings of facts made.") (internal citations and quotations omitted).