UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICKY D. DRISKILL, ) | CASE NO. 3:09 CV 02188 |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| TIM BRUNSMAN, WARDEN ) | |
| Lebanon Correctional Institution, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Respondent. ) | **ORDER** |

### I. INTRODUCTION

Before the Court is Respondent's motion to dismiss for failure to prosecute (ECF No. 17). For the reasons discussed below, the Court grants the instant motion, and dismisses Petitioner Ricky D. Driskill's petition for a writ of habeas corpus (ECF No.1) without prejudice.

### II. DISCUSSION

The Petitioner, Ricky D. Driskill, proceeding *pro se*, brought this action, on September 21, 2009, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Pursuant to Local Rule 72.2, this matter was referred to Magistrate Judge Kenneth S. McHargh to issue a Report and Recommendation. On January 31, 2011, Magistrate Judge McHargh filed his report recommending that Petitioner's writ of habeas corpus, be granted, in part, as to the ineffective assistance of counsel claim. ECF No. 10. Respondent subsequently filed its objections. ECF No. 11.

On July 6, 2012, the Court, finding the evidentiary record inadequate concerning

(3:09 CV 02188)

Petitioner's ineffective assistance claim, ordered an evidentiary hearing to be held on August 1, 2012. ECF No. 12. Respondent filed a motion requesting the Court to reconsider its Order (ECF No. 14), and additionally filed a motion for extension of time until October 1, 2012 to convene the evidentiary hearing (ECF No. 13). The Court has yet to rule upon the motion for reconsideration, but granted the motion for extension of time on July 12, 2012.

The Courts orders and other recent filings were served to Petitioner *via* United States sent mail to the Lebanon Correctional Institute. These mailings were returned as undeliverable. ECF Nos. 15 and 16. Remarks on the returned mail indicate that Petitioner was released from prison on December 16, 2011. Soon thereafter, Respondent filed a motion to dismiss for failure to prosecute, on August 1, 2012, pursuant to Fed. R. Civ. P. 41(b). ECF No. 17. In its motion, Respondent notes, that to Respondent's knowledge, mail addressed to Petitioner at an address in Muncie, Indiana have not been returned as undeliverable. ECF No. 17. Respondent's motion to dismiss is unopposed; Petitioner has not responded.

Even in the absence of a pending motion, a district court has the inherent power to dismiss an action on basis of a plaintiff's failure to prosecute or otherwise comply with its orders. As the United States Supreme Court has clarified this long standing principle:

> The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That it has long gone unquestioned is apparent not only from the many state court decisions sustaining such dismissals, but even from language in this Court's opinion in *Redfield v. Ystalyfera Iron Co.*, 110 U.S. 174, 176, 3 S. Ct. 570, 28 L. Ed. 109. It also has the sanction of wide usage among the District Courts. It would require a much clearer expression of purpose than Rule 41(b) provides for us to assume that it was intended to abrogate so well-acknowledged a proposition.

(3:09 CV 02188)

*Link v. Wabash R. Co.*, 370 U.S. 626, 630-31(1962) (footnotes omitted).

The record reflects that Driskell has not responded to any of the recent Orders, memoranda and motions filed in this case by the Court or Respondent. Driskill's failure to respond has made it impractical for the Court to address the merits of his petition. Therefore, in light of Driskill's silence, the Court orders the instant action be dismissed without prejudice.

### III. CONCLUSION

For the reasons set forth herein, the Court grants Respondent's motion to dismiss. ECF No. 17. Accordingly, Driskill's petition for a writ of habeas corpus (ECF No. 1) is dismissed without prejudice from the docket of the undersigned. All pending motions, are therefore terminated.

    IT IS SO ORDERED.


August 30, 2012                         /s/ Benita Y. Pearson
Date                                      United States District Court Judge